# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| PAUL A. DROCKTON, M.A., <br><br> Plaintiff, <br><br> v. <br><br> RAIN INTERNATIONAL, et al., <br><br> Defendants. | MEMORANDUM DECISION AND ORDER <br><br> Case No. 2:20-cv-00662-DB-JCB <br><br> District Judge Dee Benson <br><br> Magistrate Judge Jared C. Bennett |

District Judge Dee Benson referred this case to Magistrate Judge Jared C. Bennett pursuant to 28 U.S.C. § 636(b)(1)(B).[1]  Before the court are pro se Plaintiff Paul A. Drockton's ("Mr. Drockton"): (1) motion for service of process,[2] (2) motion for appointment of counsel,[3] and (3) motion for email filing and notification.[4]  As an initial matter, the court notes that Mr. Drockton has been permitted to proceed in forma pauperis in this case under 28 U.S.C. § 1915 ("IFP Statute").

The court addresses the above-referenced motions in turn below.  Based upon the following analysis, Mr. Drockton's motion for service of process and motion for appointment of counsel are denied, and his motion for email filing and notification is granted.

---

[1] ECF No. 7.

[2] ECF No. 6.

[3] ECF No. 4.

[4] ECF No. 5.

## ANALYSIS

I.   **Motion for Service of Process**

Mr. Drockton moves the court for service of process. For the following reasons, that motion is denied.

When a case is proceeding under the IFP Statute, the officers of the court are required to issue and serve all process and perform all duties related to service of process. 28 U.S.C. § 1915(d). At the same time, the IFP Statute allows the court to screen the complaint in such a case to determine whether it should be served upon the named defendant(s) or dismissed. 28 U.S.C. § 1915(e)(2)(B). In this case, the court has not yet completed that screening process and, consequently, has not yet determined whether Mr. Drockton's complaint in this case should indeed be served on the named defendants. For that reason, Mr. Drockton's motion for service of process is denied. As indicated above, the court will screen Mr. Drockton's complaint to determine whether it should be served on the named defendants. It is unnecessary for Mr. Drockton to take any further action to trigger that process.

II.   **Motion for Appointment of Counsel**

The court next addresses Mr. Drockton's motion for appointment of counsel. For the reasons set forth below, that motion is denied.

"The appointment of counsel in a civil case is left to the sound discretion of the district court." *Shabazz v. Askins*, 14 F.3d 533, 535 (10th Cir. 1994). Although "[t]here is no constitutional right to appointed counsel in a civil case," *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989) (per curiam), the court may "request" that an attorney represent a litigant who is

unable to afford counsel.⁵ 28 U.S.C. § 1915(e)(1). When deciding whether to request counsel, the court must consider certain factors, "including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quotations and citations omitted).

The court turns to considering those factors in this case. First, the merits of Mr. Drockton's claims are unclear at this point because the court has not yet completed the above-referenced screening process. Second, concerning Mr. Drockton's ability to present his claims, there is no indication that he is unable to pursue this case adequately. Finally, with respect to the complexity of this case, the court concludes that the factual and legal issues raised by Mr. Drockton's complaint do not appear to be complicated or difficult to explain. Further, at this stage of the case, the court is concerned only with the sufficiency of Mr. Drockton's allegations, and the court does not believe that appointed counsel would materially assist him in describing the facts surrounding his alleged injuries. *See, e.g.*, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (stating that "a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury"). For those reasons, Mr. Drockton's motion for

---

⁵ However, even if the court "requests" counsel, it cannot compel an attorney to accept representation of the plaintiff. *Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 302 (1989) (holding that section 1915(e) allows "federal courts to request attorneys to represent impoverished litigants, rather than command . . . mandatory appointments of counsel").

appointment of counsel is denied without prejudice and may be renewed as litigation circumstances require.

### III.     Motion for Email Filing and Notification

Under DUCivR 5-1(b), Mr. Drockton moves for permission in this case to email documents to the Clerk of the Court for filing and to receive electronic notifications of case activity. Based upon Mr. Drockton's agreement to abide by the conditions and requirements of DUCivR 5-1(b), his motion is granted. The Clerk of the Court is directed to use the email addresses set forth in Mr. Drockton's motion for sending him electronic notifications of activity in this case.

### ORDER

In summary, IT IS HEREBY ORDERED:

1. Mr. Drockton's motion for service of process[6] is DENIED.

2. Mr. Drockton's motion for appointment of counsel[7] is DENIED.

3. Mr. Drockton's motion for email filing and notification[8] is GRANTED.

DATED October 1, 2020.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[6] ECF No. 6.

[7] ECF No. 4.

[8] ECF No. 5.