IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| PAUL A. DROCKTON, M.A., <br><br> Plaintiff, <br><br> v. <br><br> RAIN INTERNATIONAL, et al., <br><br> Defendants. | MEMORANDUM DECISION AND ORDER <br><br> Case No. 2:20-cv-00662-DB-JCB <br><br> District Judge Dee Benson <br><br> Magistrate Judge Jared C. Bennett |

District Judge Dee Benson referred this case to Magistrate Judge Jared C. Bennett pursuant to 28 U.S.C. § 636(b)(1)(B).[1] As an initial matter, the court notes that pro se Plaintiff Paul A. Drockton ("Mr. Drockton") has been permitted to proceed in forma pauperis in this case under 28 U.S.C. § 1915 ("IFP Statute"). Before the court are: (1) the review of Mr. Drockton's complaint[2] under the authority of the IFP Statute; (2) Mr. Drockton's motion to amend his complaint;[3] and (3) Mr. Drockton's motion for email service.[4] The court addresses each of those issues below. Based on the following analysis, Mr. Drockton is ordered to amend his complaint, Mr. Drockton's motion to amend his complaint is moot, and Mr. Drockton's motion for email service is denied.

---

[1] ECF No. 7.

[2] ECF No. 3.

[3] ECF No. 8.

[4] ECF No. 12.

## ANALYSIS

I.      **Review of Mr. Drockton's Complaint Under the IFP Statute**

Whenever the court authorizes a party to proceed without payment of fees under the IFP Statute, the court is required to "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). In determining whether a complaint fails to state a claim for relief under the IFP Statute, the court employs the same standard used for analyzing motions to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007). Under that standard, the court "look[s] for plausibility in th[e] complaint." *Id*. at 1218 (quotations and citations omitted) (second alteration in original). More specifically, the court "look[s] to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief. Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'" *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)) (other quotations and citation omitted) (second and third alterations in original).

Additionally, Fed. R. Civ. P. 8 is incorporated into the court's Rule 12(b)(6) analysis. *U.S. ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1171 (10th Cir. 2010). Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557) (citations

omitted) (alteration in original).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.  Rule 8 requires, at least, that the allegations of a complaint put the defendant fairly on notice of the claims against him. *Twombly*, 550 U.S. at 555.  The twin purposes of a complaint are to give the opposing party fair notice of the basis for the claims against him so that he may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.* 891 F.2d 1473, 1480 (10th Cir. 1989).

In analyzing Mr. Drockton's complaint, the court is mindful that he is proceeding pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also, e.g.*, *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).  However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant," *Bellmon*, 935 F.2d at 1110, and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).  Indeed, as the Court of Appeals for the Tenth Circuit stated:

> The broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based.  This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted.  Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the

>plaintiff's well-pleaded factual contentions, not his conclusory allegations.

*Bellmon*, 935 F.2d at 1110 (citations omitted).

Under the foregoing standards, and even when the court liberally construes Mr. Drockton's complaint, the court concludes that the complaint fails to satisfy the minimum pleading requirements of Rule 8(a)(2). Although Mr. Drockton purports to allege a cause of action for federal civil RICO violations, he has not provided any factual allegations that would support such a claim. Furthermore, other than a few conclusory allegations, the remainder of Mr. Drockton's complaint contains only asserted causes of action that he claims he will "demonstrate."[5]

For those reasons, and pursuant to the standards for dismissal under Rule 12(b)(6), the court concludes that Mr. Drockton's complaint fails to state claims upon which relief can be granted. At the same time, the court recognizes that "[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay*, 500 F.3d at 1217 (quotations and citation omitted). Because Mr. Drockton has failed to include any well-pleaded factual allegations in his complaint, the court cannot conclusively determine whether he has any viable claims. Accordingly, Mr. Drockton is hereby provided with an opportunity to amend his complaint. Mr. Drockton shall file an amended complaint that complies with the requirements set forth in the above-referenced authorities on or before November 24, 2020. Failure to do so will result in a recommendation to Judge Benson that this action be dismissed.

---

[5] ECF No. 3 at 2-3.

## II.     Motion to Amend

The court next addresses Mr. Drockton's motion to amend his complaint. In that motion, Mr. Drockton requests leave to add additional defendants and appears to request leave to assert additional causes of action. Because the court has ordered Mr. Drockton to amend his complaint, his motion to amend is moot. Mr. Drockton may include any additional defendants or causes of action in his forthcoming amended complaint.

## III.    Motion for Email Service

Finally, the court addresses Mr. Drockton's motion for email service. In that motion, Mr. Drockton requests a court order permitting him to serve all filings in this case upon the named defendants "at their known emails."[6] For the following reasons, Mr. Drockton's motion is denied.

The IFP Statute allows the court to screen Mr. Drockton's forthcoming amended complaint to determine whether it should be served upon the named defendants or dismissed. 28 U.S.C. § 1915(e)(2)(B). The court has not yet completed that screening process and, consequently, has not yet determined whether Mr. Drockton's forthcoming amended complaint should indeed be served on the named defendants. Until the court completes that screening process, there is no reason for the named defendants to be served with any documents in this case. Therefore, this motion is denied.

---

[6] ECF No. 12 at 1.

## ORDER

In summary, IT IS HEREBY ORDERED:

1. Mr. Drockton shall file an amended complaint that complies with the requirements set forth in the authorities discussed above on or before November 24, 2020. Failure to do so will result in a recommendation to Judge Benson that this action be dismissed.

2. Mr. Drockton's motion to amend his complaint[7] is MOOT.

3. Mr. Drockton's motion for email service[8] is DENIED.

IT IS SO ORDERED.

DATED October 27, 2020.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[7] ECF No. 8.

[8] ECF No. 12.